# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALISON CIOFFI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 12-11376-FDS |
| ) | |
| GILBERT ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO TRANSFER VENUE

This is a personal injury case arising out of an altercation between two female workers at a strip club in Providence, Rhode Island, known as Club Fantasies. Plaintiff Alison Cioffi alleges that she sustained a serious head injury when a fellow dancer at the club, Phonesavanh Phengthalangsy, smashed a glass over her head and face. She also alleges that defendant Gilbert Enterprises, Inc. failed to provide a safe and secure workplace. Subject matter jurisdiction is based on diversity of citizenship.

Defendant Gilbert Enterprises has moved to dismiss on the grounds that (1) plaintiff's claims are barred by the statute of limitations, (2) the Court does not have personal jurisdiction over Gilbert Enterprises pursuant to Fed. R. Civ. P. Rule 12(b)(2), and (3) venue is improper pursuant to Fed. R. Civ. P. Rule 12(b)(3). This Court held that it did not have personal jurisdiction over defendant; however, it withheld ruling on defendant's motion to dismiss and requested supplemental briefing on the question of whether the case should be dismissed or transferred to the District of Rhode Island. In addition to briefing on that issue, plaintiff has also

moved for reconsideration of the Court's ruling.

After careful review, the Court will deny the motion for reconsideration.  Plaintiff has not presented any new information that would provide a basis for finding that defendant should have reasonably foreseen that it could be haled into court in Massachusetts, or that the exercise of personal jurisdiction over defendant is proper.

Rather than dismiss the action outright, the Court will transfer the case to the United States District Court for the District of Rhode Island.  According to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought."  This provision has been interpreted as permitting transfer in cases where the transferring court lacks personal jurisdiction over the defendant, as long as such transfer is in the interests of justice.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Pedzewick v. Foe*, 963 F. Supp. 48 (D. Mass. 1997).

Given the circumstances of this case, it is in the interests of justice to allow the action to proceed in the District of Rhode Island.  If the Court were to dismiss the complaint, the limitations period would likely expire before plaintiff could re-file in the proper venue, and she would almost certainly be permanently barred from seeking relief.  Plaintiff has asserted a good faith-argument for jurisdiction in Massachusetts; there is no reason to believe that she is attempting to make an end-run around the rules of personal jurisdiction and venue.  This case therefore does not present a situation, like that in *Pedzewick*, where plaintiff could "by no stretch of the imagination" believe that the Court could arguably possess personal jurisdiction over defendant.  963 F. Supp. at 51.  While the Court is sympathetic to defendant's position that

plaintiff should bear the risks of her decision to bring suit at the very end of the limitations period, last-minute filing alone does not warrant the relatively extreme sanction of dismissal of the case.  In the interests of justice, the case will be transferred to the District of Rhode Island.

V.      **Conclusion**

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED, and defendant's motion to dismiss for lack of jurisdiction is GRANTED as to the alternative relief of transfer to the United States District Court for the District of Rhode Island, and otherwise DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: January 7, 2013 | United States District Judge |